IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

BRANDON WASHINGTON,

Defendant.                                                          No. 08-30071-DRH

## ORDER

**HERNDON, Chief Judge:**

Before the Court is Defendant Brandon Washington's Unopposed Motion to Continue Trial (Doc. 145). Specifically, Defendants asks that the trial currently scheduled for November 29, 2010 be continued for sixty (60) days as discovery in this case is voluminous and has not yet been delivered to Defendant's counsel. Further, Defendant has been detained by Illinois State authorities and is being held at a facility two and half hours away, and his counsel has not had sufficient time to review discovery materials and meet with Defendant in order to discuss the case, given Defendant's distance from counsel. The Government does not object to the motion. Therefore, based on the reasons set forth in the motion, the Court finds that a continuance is warranted so that Defendant might have sufficient time to review the discovery and discuss the case with his counsel. Further, the Court finds that pursuant to **18 U.S.C. § 3161(h)(7)(A)**, the ends of justice served by the granting of such a continuance outweigh the best interests of the public and the Defendant in a

speedy trial. To force a Defendant to trial without adequate time to prepare would constitute a miscarriage of justice.

Therefore, the Court **GRANTS** Defendant's Unopposed Motion to Continue Trial (Doc. 145). The Court **CONTINUES** the trial currently set for November 29, 2010 until **February 14, 2011 at 9:00 a.m.** The time from the date the motion was filed, October 28, 2010, until the date on which the trial is rescheduled, February 14, 2011, is excludable for purposes of a speedy trial.

In continuing this trial, the Court also notes that Defendant was previously given twenty-one (21) days from the date of his arraignment in which to file pre-trial motions and complete discovery. According to a recent Supreme Court decision, ***Bloate v. United States*, 130 S. Ct. 1345 (2010)**, delays resulting from pre-trial motion preparation is not automatically excludable under **18 U.S.C. § 3161 (h)(1)**, but requires case-specific findings under **18 U.S.C. § 3161(h)(7)**. ***See Bloate*, 130 S. Ct. at 1352**. In light of the recent decision, the Court finds that the time granted to Defendant for preparation of pretrial motions and discovery was also excludable under **18 U.S.C. § 3161(h)(7)(A)** as the ends of justice served by the granting of such a continuance outweighed the best interests of the public and Defendant in a speedy trial. To force a Defendant to trial without adequate time to prepare would have constituted a miscarriage of justice. Therefore, for purposes of the Order issued October 21, 2010, granting Defendant twenty-one (21) days in which to complete discovery and file pre-trial motions (Doc. 140), the Court notes

that the time from the arraignment, October 21, 2010, until the date on which the twenty-one days will expire, November 11, 2010, is excludable time for the purposes of speedy trial.

Should either party believe that a witness will be required to travel on the Justice Prisoner and Alien Transportation System (JPATS) in order to testify at the trial of this case, a writ should be requested at least two months in advance.

**IT IS SO ORDERED.**

Signed this 3rd day of November, 2010.

David R. Herndon
2010.11.03 15:24:19
-05'00'

**Chief Judge
United States District Court**